IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Todd N. Zappone, et al.,                                          Case No. 3:15 CV 2135

                          Plaintiffs,                            MEMORANDUM OPINION
                                                                 AND ORDER
                    -vs-
                                                                 JUDGE JACK ZOUHARY
United States of America, et al.,

                          Defendants.


### INTRODUCTION

Plaintiffs Todd, Carrie, and Dustin Zappone bring this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against the United States and Internal Revenue Service ("IRS") Special Agents James Gebauer and Dean Martin (collectively, the "United States") (Doc. 1).

The Zappones allege the United States committed the state-law torts of conversion, invasion of privacy, intentional infliction of emotional distress, and civil conspiracy, and violated their Fourth and Fifth Amendment rights by arresting them, searching their home and business, and seizing their property, all without probable cause.

The United States moves to dismiss those claims under Federal Civil Rule 12(b)(6) for failure to state a claim (Doc. 23), contending the FTCA and *Bivens* claims are barred by their respective statutes of limitations, 28 U.S.C. § 2401(b) and OHIO REV. CODE § 2305.10.  The Zappones oppose

(Doc. 39), and the United States replies (Doc. 42).  Both sides present matters outside the pleadings (Docs. 23-2, 39-1, 39-2, 39-3, 39-4).

The Zappones also bring an *indebitatus assumpsit* claim -- a "common-law cause of action . . . based on a contract implied in law" -- alleging the United States was unjustly enriched by $1,886,000 when it underreported the amount of cash it had seized from the Zappones.  *United States v. California*, 507 U.S. 746, 751 (1993) (citing *Bayne v. United States*, 93 U.S. 642, 643 (1877)).  The United States moves to dismiss that claim under Federal Civil Rule 12(b)(1) for lack of subject-matter jurisdiction, contending this Court has no jurisdiction over contract claims against the United States exceeding $10,000 (Doc. 23-1 at 2 n.2).

### BACKGROUND

On November 8, 2012, while investigating alleged tax evasion and illegal structuring, IRS Special Agents executed search and seizure warrants on the Zappones' home and on their scrap-metal-recycling business, Ohio Scrap Corporation (Doc. 1 at ¶¶ 22, 27).  The Zappones allege those warrants lacked probable cause (*id.* at ¶ 21).

During the search, agents arrested the Zappones -- who were at Ohio Scrap's office -- and seized their computers, cell phones, business records, and a disputed amount of their cash (*id.* at ¶¶ 35–58).  The next day, agents took $1,264,000 of that cash to a security company (*id.* at ¶ 59).

The United States then brought a civil-forfeiture action against the $1,264,000.  *See United States v. $1,264,000 in U.S. Currency*, 3:13-cv-00905-JJH (N.D. Ohio Apr. 22, 2013).  The Zappones first filed claims for that amount, but later amended to allege that the actual amount seized was $3,150,000 (Doc. 39 at 3).

2

In July 2014, the Zappones presented administrative claims to the IRS along with corresponding power-of-attorney forms (Doc. 23-2 at ¶¶ 5, 16–22).  The power-of-attorney forms designated the Zappones' then-attorney, Robert Fedor, as their representative and directed the IRS to mail notices to him (*id.*).  On February 11, 2015, the IRS denied the administrative claims and mailed notice of the denial to Robert Fedor (*id.* at ¶¶ 7, 26–30).  While at the time of that mailing Robert Fedor was no longer the Zappones' attorney in the civil-forfeiture action (Doc. 39-3 at ¶¶ 7, 9), his power-of-attorney for the administrative claims had not been withdrawn (Doc. 23-2 at ¶ 8).

Finally, on October 14, 2015 -- nearly three years after the search and eight months after the IRS mailed the denial notice -- the Zappones brought the present action.

### STANDARD OF REVIEW

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Federal Civil Rule 12(d).  Summary judgment is appropriate if there is "no genuine dispute as to any material fact," and the moving party "is entitled to judgment as a matter of law."  Federal Civil Rule 56(a).  When considering a motion for summary judgment, this Court must draw all reasonable inferences from the record in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  This Court may not weigh the evidence or make credibility judgments. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  But "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Expert Masonry, Inc. v. Boone Cty.*, 440 F.3d 336, 341 (6th Cir. 2006) (internal quotation marks omitted).

3

When subject-matter jurisdiction is challenged under Federal Civil Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Moir v. Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Challenges to subject-matter jurisdiction fall into two categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack, which is the challenge here, tests the adequacy of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974). When presented with a facial attack, this Court accepts the material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Ritchie*, 15 F.3d at 598. To survive a facial attack, "[t]he plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is 'substantial.'" *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). In short, the "plaintiff can survive a facial attack by showing any arguable basis in law for the claim made." *Metro Hydroelectric Co. v. Metro Parks*, 541 F.3d 605, 610–11 (6th Cir. 2008).

### DISCUSSION

### Federal Civil Rule 12(d) and Request for Additional Discovery

A district court may convert a Rule 12 motion to a summary-judgment motion *sua sponte*, but must "exercise[ ] . . . great caution and attention to the parties' procedural rights." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009). This Court must give the parties notice and a "reasonable opportunity to present all the material that is pertinent to the motion." *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 204 (6th Cir. 1998) (quoting Federal Civil Rule 12(d)).

The Zappones had both notice (Doc. 39 at 10) and a reasonable opportunity to present all pertinent material, which they took full advantage of (*see* Docs. 39-1, 39-2, 39-3, 39-4). To properly address all the parties' arguments, it is necessary to consider the outside matters. This Court therefore

4

treats the Federal Civil Rule 12(b)(6) Motion "as one for summary judgment under Rule 56 " (Doc. 23, 23-1).  Federal Civil Rule 12(d).

Anticipating the Federal Rule 12(d) conversion, the Zappones request additional time to conduct formal discovery (Doc. 39 at 9).  But to justify such a request, a party must "show[ ] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment.  Federal Civil Rule 56(d).  As the United States contends, the Zappones have not made such a showing (Doc. 42 at 9).  Nowhere in their affidavits do they mention the need for additional discovery (Docs. 39-1, 39-2, 39-3).  It is "not an abuse of discretion to reject a[n] . . . affidavit as insufficient to support further discovery when the affidavit lacks any details or specificity."  *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004).  This Court therefore denies the request.

### FTCA Claims

The Zappones allege various state-law torts against the United States under the FTCA.  But as the United States contends, those claims are barred by the six-month limitations period under 28 U.S.C. § 2401(b) (Doc. 23-1 at 9).

The FTCA sets two limitations periods: First, a plaintiff must present an administrative claim "in writing to the appropriate Federal agency within two years after the claim accrues."  28 U.S.C. § 2401(b).  Second, the plaintiff must bring the FTCA claim "within six months after the date of mailing, by certified or registered mail, of the notice of final denial of the [administrative] claim by the agency to which it was presented."  *Id.*  If the plaintiff does not bring the FTCA claim in that six-month period, then the "tort claim against the United States shall be forever barred." *Id.*

The IRS mailed the denial notice for the Zappones' administrative claims on February 11, 2015 (Doc. 23-2 at 26–30), meaning the Zappones had until August 11, 2015 to bring their FTCA claims.  Yet they did not bring this suit until October 14, 2015, two months too late.

The Zappones offer three arguments for why the six-month limitations period should be equitably tolled (Doc. 39 at 4–9), all unavailing.

First, the Zappones argue the statute should be tolled because they never received the denial notice (Doc. 39 at 7).  But that is immaterial.  The six-month limitations period "unambiguously . . . runs 'from the date of mailing'"; the Zappones did not have to "receive the denial [notice] in order to commence the six-month limitations period." *Jackson v. United States*, 751 F.3d 712, 717 (6th Cir. 2014) (quoting 28 U.S.C. § 2401(b)).

Second, they argue the IRS erred by sending the denial notice to only Robert Fedor, who the IRS knew, or should have known, was no longer representing the Zappones in the civil-forfeiture action (Doc. 39 at 8–9).  Not so.  The IRS must mail a denial notice to "the claimant, his attorney, *or* legal representative" -- not all of the above.  28 C.F.R. § 14.9 (emphasis added).  And the Zappones filed power-of-attorney forms with the IRS designating Fedor as their representative and directing the IRS to send him any notices (Doc. 23-2 at ¶¶ 5, 16–22).  Whether the IRS knew Robert Fedor was no longer the Zappones' attorney in the civil-forfeiture action matters not.  The IRS was required to send the denial notice to Fedor until the power-of-attorney was withdrawn, which never happened (*id.* at ¶ 8).  26 C.F.R. § 601.505.  While regrettable, the Zappones' "[i]gnorance of the legal process alone will not provide the basis for an equitable tolling claim." *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991).

Finally, the Zappones ask for equitable tolling because Fedor never informed them he had received the denial notice and because they thought their new attorney was diligently pursuing their claims (Doc. 39 at 8–9).  Even so, the "lawyer's mistake is not a valid basis for equitable tolling." *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003).  "The remedy for negligence by a party's lawyer is generally a legal malpractice suit . . . not forcing the opposing party to defend against a stale claim." *Id.*

### *Bivens* Claims

The Zappones allege constitutional violations by the IRS agents that searched their property (Doc. 1 at ¶¶ 77–86).  But as the United States contends, those *Bivens* claims are barred by the two-year limitations period under OHIO REV. CODE § 2305.10 (Doc. 23-1 at 6).

A *Bivens* claim is governed by the same statute of limitations as a claim under 42 U.S.C. § 1983.  *See Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); *McSurely v. Hutchison*, 823 F.3d 1002, 1005 (6th Cir. 1987).  The statute of limitations for a Section 1983 claim "arising in Ohio is contained in OHIO REV. CODE § 2305.10, which requires" that the claim "be filed within two years after [its] accrual."  *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc).  A *Bivens* claim accrues when the plaintiff "knew or should have known of the injury which is the basis of [the] *Bivens* claim."  *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

Here, the *Bivens* claims accrued on November 8, 2012, the day of the search.  The Zappones were at Ohio Scrap's office during the search, the money placed in the custody of the IRS, and thus knew of their alleged injury that day (Doc. 1 at ¶¶ 35–38).   The Zappones therefore had until November 8, 2014 to bring their *Bivens* claims, yet they did not bring them until October 14, 2015, eleven months too late.

The Zappones resist this conclusion by arguing Ohio's taking-of-property statute -- which sets a four-year statute of limitations -- is the proper state analogue for a Secion 1983 claim arising from a taking of property. *See* OHIO REV. CODE § 2305.09.  But the Supreme Court has expressly foreclosed such an argument. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (holding when a state, like Ohio, has multiple statutes of limitations for personal-injury claims, then the state's residual or general statute of limitations for personal-injury claims is applied to all Section 1983 claims).  And the Sixth Circuit, in turn, has rejected a nearly identical argument. *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) ("The plaintiffs' sole argument pertaining to the statute of limitations is that *Browning*, . . . which establishes a two-year (2) statute of limitations for 42 U.S.C. § 1983 claims, is contrary to Ohio law and should be overruled with respect to § 1983 claims arising in Ohio. The plaintiffs have no legal basis whatsoever for advancing this argument in this court.").

The Zappones alternatively argue the two-year limitations period should be equitably tolled because they diligently pursued their *Bivens* claims by filing claims in the civil-forfeiture proceeding (Doc. 39 at 3).  But the Zappones could not have pursued, diligently or otherwise, their *Bivens* claims in that forum.  The purpose of a civil-forfeiture action is to determine "ownership and control over [seized] property." *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 52 (1993).  And a claim in a civil-forfeiture action is "brought against property, not people." *United States v. All Funds in Account Nos. 747.034/278*, 295 F.3d 23, 25 (D.C. Cir. 2002) (citing *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 683 (1974)).  Accordingly, the Zappones could not have diligently pursued "damages" against "a federal agent" in the civil-forfeiture action. *See Carlson v. Greene*, 446 U.S. 14, 18 (1980) (discussing the *Bivens* claim).  "[L]ack of diligence by" the Zappones "acts to defeat [their] claim for equitable tolling." *Chomic v. United States*, 377 F.3d 607, 616 (6th Cir. 2004).

8

### *Indebitatus Assumpsit* **Claim**

The Zappones bring an *indebitatus assumpsit* claim -- a "common-law cause of action . . . based on a contract implied in law" -- against the United States for $1,886,000.  *United States v. California*, 507 U.S. 746, 751 (1993) (citing *Bayne v. United States*, 93 U.S. 642, 643 (1877)).  But as the United States contends, this Court has no subject-matter jurisdiction over contract claims against the United States exceeding $10,000 (Doc. 23-1 at 2 n.2).

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define this Court's subject-matter jurisdiction.  *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996).  The FTCA does not grant this Court subject-matter jurisdiction over contract claims.  *See* 28 U.S.C. § 1346(b)(1); *Chomic v. United States*, 377 F.3d 607, 609 (6th Cir. 2004) ("[The FTCA] grants a limited waiver of sovereign immunity and allows torts claims against the United States . . . .").  And while the "Little" Tucker Act grants this Court subject-matter jurisdiction over contract claims "against the United States, not exceeding $10,000," the Zappones' $1,886,000 contract claim far exceeds that jurisdictional limit.  28 U.S.C. § 1346(a)(2).  The Zappones argue no other grounds for this Court's subject-matter jurisdiction.  *Moir v. Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

### CONCLUSION

The converted Motion for Summary Judgment (Doc. 23) is granted; the Zappones' FTCA and *Bivens* claims are dismissed.  The Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. 23-1 at 2 n.2) is granted; the Zappones' *indebitatus assumpsit* claim is dismissed.

This Court also notes Defendant Randall Neal remains unserved after more than ten months (Doc. 23-1 at 1 n.1).  While the Zappones' failure to serve that Defendant provides an independent

9

basis for dismissing these claims under Federal Civil Rule 4(m), the foregoing analysis would be equally applicable to him.  Accordingly, the claims against him are dismissed as well.

Finally, SNZ (minor) and DNZ (minor) are named as plaintiffs in the Complaint's caption, but then are mentioned nowhere else in the Complaint (*see generally* Doc. 1).  "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged . . . ." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Zappones had notice of this defect (Doc. 23-1 at 2 n.4, 9 n.9) and the opportunity to respond; they chose not to (Doc. 39).  This Court therefore dismisses SNZ and DNZ's claims for failure to state a claim.

IT IS SO ORDERED.

                                        ___s/ *Jack Zouhary*___
                                        JACK ZOUHARY
                                        U. S. DISTRICT JUDGE

                                        August 24, 2016

10